IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-00475-GPG

JADIER VILLEGAS CARDENAS,

      Applicant,

v.

DAVID VENTURELLA,[1] Acting Director of ICE,
CHARLES WALL, Deputy Director of ICE, and
JUAN BALTAZAR, Warden of Aurora ICE PC,

      Respondents.

---

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (D. 1) (the "Application") filed *pro se* by Applicant, Jadier Villegas Cardenas, on February 6, 2025.

The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. After reviewing the pertinent portions of the record in this case, the Court FINDS and CONCLUDES that the Application be denied.

### I. BACKGROUND

Applicant is a native and citizen of Cuba (D. 18-1 at 2, ¶ 4). On October 18, 2016, Applicant applied for admission to the United States at the Roma, Texas, Port of Entry and

---

[1] Pursuant to Fed. R. Civ. P. 25(d), David Venturella is substituted as a Respondent.

requested asylum (*id.* ¶ 5).  Applicant did not have a visa or other document authorizing his admission into the United States (*id.*) Applicant was paroled into the United States by U.S. Customs and Border Protection (CBP) (*id.*)

On October 20, 2017, Applicant filed with U.S. Citizenship and Immigration Services (USCIS) an Application to Register Permanent Residence or Adjust Status based on eligibility under the Cuban Adjustment Act of 1966 (*id.* at ¶ 6).

On January 30, 2018, Applicant was arrested in Florida on various state criminal charges (*id.* at ¶ 7).

On January 28, 2019, USCIS denied Applicant's application to adjust status (*id.* at ¶ 8).

On February 5, 2019, Applicant arrived in Houston, Texas, from Havana, Cuba, and applied for admission to the United States (*id.* at 2-3, ¶ 9).  Applicant was again paroled into the United States and turned over to law enforcement for extradition to Florida (*id.*)

On July 27, 2023, Applicant was convicted on state charges in Florida and sentenced to five years in prison (*id.* at 3, ¶ 10).  On March 27, 2025, while Applicant was serving his Florida sentence, the Department of Homeland Security (DHS) issued a Notice to Appear (NTA) and initiated removal proceedings (*id.* at ¶ 12). On June 9, 2025, upon his release from state custody, Applicant was arrested and detained by Immigration and Customs Enforcement (ICE) (*id.* at 4, ¶ 13).

On August 8, 2025, Applicant admitted the allegations in the NTA and he was ordered removed from the United States to Cuba (*id.* at ¶ 14). The removal order became administratively final the same date (*id.*) Subsequently, ICE has determined that Cuba is unwilling to accept Applicant for removal (*id.* at ¶ 16).

On August 29, 2025, Applicant was staged at the Florence Service Processing Center (Florence SPC) in Florence, Arizona, for removal to Mexico as a third country alternative to Cuba (*id.* at ¶ 17).  ICE did not effectuate Applicant's removal at that time, and on August 31, 2025, he was returned to the Denver Contract Detention Facility (Denver CDF) (*id.*)

On October 16, 2025, ICE served Applicant with a Notice of File Custody Review, which advised him that ICE would review his custody status and potential for release on an order of supervision (*id.* at 4-5, ¶ 18).

On November 12, 2025, Applicant was again staged at the Florence SPC for removal to Mexico as a third country (*id.* at 5, ¶ 19).  At that time, Applicant claimed a fear of removal to Mexico (*id.*) On November 16, 2025, Applicant was returned to the Denver CDF and referred to USCIS for eligibility for asylum protection (*id.* at ¶ 20).  On November 24, 2025, after conducting a third country screening interview with Applicant, USCIS determined Applicant did not establish it is more likely than not that he will be persecuted or tortured in Mexico (*id.* at ¶ 21).

On November 27, 2025, ICE conducted a Post Order Custody Review and determined Applicant did not satisfy the criteria for release (*id.* at ¶ 22). ICE also conducted a personal interview with Applicant and, on January 6, 2026, a panel recommended that Applicant remain in custody (*id.* at ¶ 23).

On January 22, 2026, Applicant received a notice of removal to Mexico (*id.* at 6, ¶ 24). ICE's request to the Government of Mexico to accept Applicant for removal was sent on or about January 29, 2026 (*id.*)

Applicant claims in the Application that his prolonged detention violates both 8 U.S.C. § 1231 and the Due Process Clause of the Fifth Amendment.  As relief he seeks immediate release

from custody and an order not to transfer him outside the jurisdiction of this Court while the Application is pending.

On February 9, 2026, Respondents were ordered to show cause why the Application should not be granted.   On March 11, 2026, Respondents filed a Response to Order to Show Cause (D. 18).

On March 25, 2026, the parties were ordered to file a status report on April 10, 2026. On April 3, 2026, Applicant filed a reply (D. 20). On April 10, 2026, Respondents filed a Status Report (D. 21). According to Respondents, the Government of Mexico has approved ICE's request to accept Applicant for removal, but Applicant refused to sign the notice of removal and Mexico will not accept Petitioner for removal until he signs the notice (*id.*)

On April 13, 2026, the parties were directed to file another status report no later than July 13, 2026.

On April 22, 2026, Applicant submitted a motion captioned "Decision Request" (D. 23). Applicant does not deny that he refused to sign a notice of removal. Instead, he states "I, the Petitioner, will not accept to be removed to a third country according to the supporting facts and arguments that I mentioned into [sic] the existent documents of the process" (*id.*)

On April 29, 2026, Applicant submitted a filing captioned "Knowledge" (D. 24) stating he was notified by ICE on April 21, 2026, that he will not be released from custody.   Applicant further states:

> ICE is trying to OBLIGATE me to sign a removal to a country which I don't know about it; where I am not going to have a legal status, no family, no work to provide myself. Is my [sic] willing to be removed to my native country Cuba which efforts for finish the process of removal is on ICE; I was cooperative with them in all manners they ask me for that; but I am NOT obligated to sign a removal to a strange country (The Supreme Court has held about this concern). Letter is attached.

(*Id.*) The attachment to which Applicant refers is a "Notice of Failure to Comply Pursuant to 8 CFR 241.4(g)" (*id.* at 2).   The notice states that Applicant refused to comply with ICE officials when served with a Third Country Removal form to Mexico on March 17, 2026, and that he will remain in ICE custody until he demonstrates reasonable efforts to comply with the order of removal and ICE's removal efforts (*id.*).

On May 29, 2026, Applicant submitted a motion captioned "Decision" (D. 26) asking the Court to make a decision because of his medical condition.

On July 13, 2026, Respondents filed a Status Report (D. 27) stating "[u]ndersigned counsel does not have any new information from Respondents to provide the Court at this time."

Also on July 13, 2026, Applicant submitted a motion captioned "Request to Make a Determinative Decision" (D. 28).   Applicant states in the motion that he remains detained even though there is no possibility of removal to Cuba (*id.*).

On July 15, 2026, Respondents filed a Supplement To July 13, 2026 Status Report (D. 29) indicating that "Petitioner was recently provided a fourth opportunity to sign a notice of removal to Mexico, but Petitioner refused to do so" (*id*. at 1).

## II. DISCUSSION

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."   *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).   Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  8 U.S.C. § 1231(a)(1)(A).   "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2).   The removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court' s final order.

> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens. *See* 8 U.S.C. § 1231(a)(6).   Therefore, Applicant's statutory claim lacks merit.   However, as a constitutional matter, detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months.   *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).   After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."   *Id.*   Under this standard, Applicant is not required to "show the absence of *any* prospect of removal – no matter how unlikely or unforeseeable."   *Id.* at 702.   He must simply show that removal is not significantly likely in the reasonably foreseeable future.

Respondents concede that Applicant's detention has extended beyond the six-month period during which it would be presumptively reasonable.   Respondents also concede that ICE has determined Cuba, Applicant's native country, is unwilling to accept Applicant for removal (D. 18-

1 at 4, ¶ 16).    However, Respondents argue Applicant has not met his initial burden to demonstrate a constitutional violation under *Zadvydas*.    That is, Respondents argue Applicant has not provided good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.    In particular, Respondents state the Government of Mexico has approved ICE's request to accept Applicant for removal, but Mexico will not accept Applicant until he signs a notice of removal.

Applicant's failure to cooperate with ICE's efforts to remove him to Mexico as a third country by refusing to sign a notice of removal is fatal to his *Zadvydas* claim.    *See, e.g., Abiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008) (rejecting *Zadvydas* claim for alien in custody for more than three years in part because the petitioner refused "to cooperate with ICE officials in obtaining a Nigerian passport and other necessary travel documents); *Zayas Rodriguez v. Baltasar,* 26-cv-00686-RMR, 2026 WL 1618516, at *6 (D. Colo. June 5, 2026) (rejecting *Zadvydas* claim because "the only thing preventing Respondents from effectuating Petitioner's removal [to Mexico as a third country] is Petitioner's own refusal to sign the Notice of Removal"); *Hernandez Montes v. Ceja,* No. 26-cv-01390-CNS, 2026 WL 1469231, at *2 (D. Colo. May 26, 2026) ("Petitioner's refusal to sign [Notice of Removal to Mexico as a third country] is fatal to his request for habeas relief."); *Alhadje v. Guadian*, No. 25-cv-04153-CNS, 2026 WL 783726 (D. Colo. Mar. 20, 2026) ("Petitioner's acknowledged refusal to board the flight to Louisiana [for staging for removal] does not raise the specter of indefinite detention that might otherwise give rise to a valid habeas claim."); *see also Singh v. Barr*, No. 17-cv-03057-DDD, 2019 WL 2452822, at *4 (D. Colo. June 12, 2019) (rejecting *Zadvydas* claim in part because "there is no showing that India would not receive [the petitioner], and his continued detention is of his own doing.").

### III. CONCLUSION

For the reasons stated herein, the Court finds and concludes that Applicant's constitutional rights have not been violated. Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (D. 1) is DENIED without prejudice. It is further

**ORDERED** that all pending motions (D. 23; D. 26; D. 28) are DENIED as moot. It is further

**ORDERED** that the Clerk of Court enter final judgment and close the case.


DATED July 16, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge